## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| JAMERIA BRIDGES, *et al.*, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | Case No. 1:26-cv-00976-JRR |
| | ) | |
| PENNROSE MANAGEMENT | ) | |
| COMPANY, LLC, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

## ANSWER OF DEFENDANTS
## PENNROSE MANAGEMENT COMPANY, LLC AND NEWTOWNE 20, LLC

Defendants Pennrose Management Company, LLC ("Pennrose") and Newtowne 20, LLC ("Newtowne") (collectively, "Defendants"), by and through their undersigned counsel, hereby answer the Complaint [ECF No. 2] ("Complaint") filed by Plaintiff Jameria Bridges, individually and on behalf of her minor children (collectively, "Plaintiffs"). Except as expressly admitted, qualified, or denied herein, Defendants deny each and every allegation and prayer for relief in the Complaint.

The numbered paragraphs in this Answer correspond to the numbered paragraphs in the Complaint, and in response thereto, Defendants state as follows:

### Background

The Background is an unnumbered paragraph that states legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations in the Background paragraph.

## Parties

1.      Defendants admit the allegations in paragraph 1 of the Complaint that Plaintiffs are occupants of an apartment at Wilbourn Estates located in Anne Arundel County, Maryland.

2.      Defendants admit the allegations in paragraph 2 of the Complaint, except that Newtowne does not formally do business under the name Wilbourn Estates.

3.      Defendants admit the allegations in paragraph 3 of the Complaint.

## Jurisdiction and Venue

4.      Paragraph 4 states legal conclusions to which no response is required.

5.      Paragraph 5 states legal conclusions to which no response is required. To the extent a response is required, Defendants deny that they were negligent.

## Facts Common to All Counts

6.      Paragraph 6 purports to characterize the language of a written document which speaks for itself and is the best evidence of its content. Any allegations inconsistent therewith are denied.

7.      Defendants deny the allegations in paragraph 7.

8.      Defendants deny the allegations in paragraph 8.

9.      Defendants deny the allegations in paragraph 9.

10.     Defendants deny the allegations in paragraph 10.

11.     Defendants deny the allegations in paragraph 11.

12.     Defendants deny the allegations in paragraph 12.

13.     Defendants deny the allegations in paragraph 13.

14.     Defendants deny the allegations in paragraph 14.

2

15. Defendants deny the allegations in paragraph 15.

16. Defendants deny the allegations in paragraph 16.

17. Defendants deny the allegations in paragraph 17.

18. Defendants deny the allegations in paragraph 18.

19. Defendants deny the allegations in paragraph 19.

20. Paragraph 20 purports to characterize the language of a written document which speaks for itself and is the best evidence of its content. Any allegations inconsistent therewith are denied.

21. Defendants deny the allegations in paragraph 21.

22. Paragraph 22 purports to characterize the language of a written document which speaks for itself and is the best evidence of its content. Any allegations inconsistent therewith are denied.

23. Paragraph 23 purports to characterize the language of a written document which speaks for itself and is the best evidence of its content. Any allegations inconsistent therewith are denied.

24. Paragraph 24 purports to characterize the language of a written document which speaks for itself and is the best evidence of its content. Any allegations inconsistent therewith are denied.

25. Defendants deny the allegations in paragraph 25.

26. Defendants deny the allegations in paragraph 26.

27. Defendants deny the allegations in paragraph 27.

28. Defendants deny the allegations in paragraph 28.

**COUNT I - NEGLIGENCE**

29.     Defendants adopt and incorporate by reference their responses to the allegations in paragraphs 1 through 28 as if fully set forth herein.

30.     Paragraph 30 states a legal conclusion that requires no response. To the extent a response is required, Defendants deny the allegations in paragraph 30.

31.     Paragraph 31 states a legal conclusion that requires no response. To the extent a response is required, Defendants deny the allegations in paragraph 31.

32.     Defendants deny the allegations in paragraph 32.

33.     Defendants deny the allegations in paragraph 33.

34.     Defendants deny the allegations in paragraph 34.

35.     Defendants deny the allegations in paragraph 35.

36.     Defendants deny the allegations in paragraph 36.

37.     Defendants deny the allegations in paragraph 37.

The remaining allegations in Count I of the Complaint set forth Plaintiffs' request for relief to which no response is required. To the extent a response is required, Defendants deny the remaining allegations set forth in Count I of the Complaint.

**COUNT II – BREACH OF THE WARRANTY OF HABITABILITY**

38.     Defendants adopt and incorporate by reference their responses to the allegations in paragraphs 1 through 37 as if fully set forth herein.

39.     Paragraph 39 purports to characterize the language of a written document which speaks for itself and is the best evidence of its content. Any allegations inconsistent therewith are denied.

4

40.     Defendants admit the allegations in paragraph 40.

41.     Defendants deny the allegations in paragraph 41.

42.     Defendants deny the allegations in paragraph 42.

43.     Defendants deny the allegations in paragraph 43.

The remaining allegations in Count II of the Complaint set forth Plaintiffs' request for relief to which no response is required. To the extent a response is required, Defendants deny the remaining allegations set forth in Count II of the Complaint.

## COUNT III – VIOLATION OF THE MARYLAND CONSUMER PROTECTION ACT
### Md. Code Ann., Com. Law § 13-101, et. seq.

44.     Defendants adopt and incorporate by reference their responses to the allegations in paragraphs 1 through 43 as if fully set forth herein.

45.     Paragraph 45 restates a portion of Maryland law, which speaks for itself and is the best evidence of its content. Any allegations inconsistent therewith are denied.

46.     Paragraph 46 states a legal conclusion that requires no response, but to the extent a response is required, Defendants deny the allegations in paragraph 46.

47.     Paragraph 47 states a legal conclusion that requires no response, but to the extent a response is required, Defendants deny the allegations in paragraph 47.

48.     Paragraph 48 restates a portion of Maryland law, which speaks for itself and is the best evidence of its content. Any allegations inconsistent therewith are denied.

49.     Defendants deny the allegations in paragraph 49.

50.     Defendants deny the allegations in paragraph 50.

51.     Defendants deny the allegations in paragraph 51.

52.     Defendants deny the allegations in paragraph 52.

53.     Defendants deny the allegations in paragraph 53.

54.     Defendants deny the allegations in paragraph 54.

55.     Defendants deny the allegations in paragraph 55.

The remaining allegations in Count III of the Complaint set forth Plaintiffs' request for relief to which no response is required. To the extent a response is required, Newtowne denies the remaining allegations set forth in Count III of the Complaint.

## FIRST AFFIRMATIVE DEFENSE

The Complaint fails to state a claim upon which relief may be granted.

## SECOND AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred, in whole or in part, by the applicable statute of limitations.

## THIRD AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred by the doctrines of waiver, estoppel, and ratification for any claim purportedly alleged in the Complaint.

## FOURTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred, in whole or in part, by the application of the voluntary payment doctrine and/or by the doctrine of accord and satisfaction.

## FIFTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred by release.

## SIXTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred, in whole or in part, by the doctrine of res judicata, collateral estoppel, claim preclusion, judgment, and/or similar concepts.

### SEVENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred, in whole or in part, by fraud.

### EIGHTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred, in whole or in part, by failure of consideration.

### NINTH AFFIRMATIVE DEFENSE

Any damages otherwise recoverable by Plaintiffs may be offset, in whole or in part, by amounts owed to Defendants, in which case Defendants are entitled to an offset against any verdict or judgment, in amounts according to proof at trial.

### TENTH AFFIRMATIVE DEFENSE

Defendants are entitled to contribution and/or indemnity from those individuals or entities responsible for the injuries or damages, if any, of Plaintiffs in an amount directly proportional to their relative culpability.

### ELEVENTH AFFIRMATIVE DEFENSE

Defendants' conduct was not the cause in fact of any loss or damage alleged by Plaintiffs.

### TWELTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred, in whole or in part, by the doctrine of illegality.

### THIRTEENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred, in whole or in part, by Plaintiffs' own conduct, or by the conduct of its agents, representatives and/or consultants.

### FOURTEENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred by Section 8-212 of the Real Property Article of the Annotated Code of Maryland.

## FIFTEENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred, in whole or in part, by Plaintiffs' contributory negligence.

## SIXTEENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred, in whole or in part, by the doctrine of assumption of risk.

## RESERVATION OF RIGHTS

Defendants hereby give notice that they intend to rely upon such other and further defenses as may become available during discovery in this case and hereby reserve the right to amend their Answer to assert additional defenses that may be pertinent to Plaintiffs' claims.

WHEREFORE, having fully answered, Defendants respectfully request:

A.    That Plaintiffs' Complaint [ECF No. 2] be dismissed;

B.    That Defendants be awarded their court costs in this action together with reasonable attorneys' fees; and

C.    Such other and further relief as to which Defendants may be entitled or which may be appropriate and just.

Dated: March 24, 2026

                                        /s/
                        Avery Barton Strachan (Bar Number: 27556)
                        astrachan@silvermanthompson.com
                        Kerri L. Smith (Bar Number: 05452)
                        ksmith@silvermanthompson.com
                        SILVERMAN | THOMPSON | SLUTKIN | WHITE
                        400 East Pratt Street, Suite 900
                        Baltimore, Maryland 21202
                        Phone: (410) 385-2225
                        Facsimile: (410) 547-2432

                        *Counsel for Defendants*

## CERTIFICATE OF SERVICE

I hereby certify that on this 24th day of March, 2026, a copy of the foregoing Answer was served by electronic means via the Court's electronic filing system on all counsel of record.

Dated: March 24, 2026

_____/s/_____

Avery Barton Strachan (Bar Number: 27556)

*Counsel for Defendants*

9